Bashir Eustache (Bar No. 241759)
Westland Real Estate Group
520 W. Willow Street
Long Beach, California 90806
Tel.: (562) 231-6591
E-mail: bashir.e@WestlandREG.com

Attorneys for Defendant DNA MANAGER, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

UNITED AFRICAN-ASIAN ABILITIES CLUB, ON BEHALF OF ITSELF AND ITS MEMBERS; ANNA MARIE WIGGINS, An Individual; ON BEHALF OF ROBERT AARON MCKISSICK

Plaintiffs,

vs.

WESTLAND PROPERTIES SIX LLC; AND DOES 1 THROUGH 10, INCLUSIVE

Defendants.

CASE NO.: 2:23-cv-01680-ODW-AGR

**DEFENDANT WESTLAND PROPERTIES SIX LLC' ANSWER TO THE COMPLAINT**

Defendant WESTLAND PROPERTIES SIX LLC ("Answering Defendant") admits and denies certain portions of the Complaint of Plaintiffs UNITED AFRICAN-ASIAN ABILITIES CLUB ("UAAAC"), Anna Marie Wiggins, and Robert Aaron McKissick (collectively "Plaintiffs") as follows:

1. Answering paragraph 1, Paragraph 1 does not contain allegations to which a response is required.

**JURISDICTION AND VENUE**

2. Answering paragraph 2, Answer Defendant does not dispute venue. To the extent that Paragraph 2 contains conclusions of law, Responding Party need

not respond.

**SUPPLEMENTAL JURSIDICTION**

3. Answering paragraph 3, to the extent that Paragraph 2 contains conclusions of law, Responding Party need not respond.

**NAMED DEFENDNATS AND NAMED PLAINTIFFS**

4. Answering paragraph 4, paragraph 4 does not contain allegations to which a response is required.

5. Answer Paragraph 5, Answering Defendant lacks sufficient information to admit or deny the allegations contained therein.

6. Answering Paragraph 6, Answering Defendant admits that it owns and manages the property located at 422 S. Mariposa Avenue, Los Angeles, CA 90020. Otherwise, Deny.

7. Answering paragraph 7, Answering Defendant admits that it does business in the State of California. Answering Defendant otherwise lacks sufficient information to admit or deny the allegations contained therein.

**FACTS**

8. Answering paragraph 8, Answering Defendant denies each allegation therein.

9. Answering paragraph 9, Answering Defendant denies each allegation therein.

10. Answering paragraph 10, Answering Defendant denies each allegation therein.

11. Answering paragraph 11, this Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and basing its denial on that ground, denies generally and specifically.

12. Answering Paragraph 12, Answering Defendant admits that it offers rental services at its website and at a physical office. Answering Defendant

otherwise denies the allegations contained therein.

13. Answering Paragraph 13, Answering Defendant admits that it offers rental services at its website and at a physical office. Answering Defendant otherwise denies the allegations contained therein.

14. Answering paragraph 14, Answering Defendant denies the allegations contained therein.

15. Answering Paragraph 15, Answering Defendant admits that it offers rental services at its website and at a physical office. Answering Defendant otherwise denies the allegations contained therein.

16. Answering paragraph 16, denies the allegations contained therein.

17. Answering paragraph 17, Paragraph 17 does not contain allegations to which a response is required.

18. Answering paragraph 18, denies the allegations contained therein.

19. Answering paragraph 19, Answering Defendant admits that it owns and manages the property located at 422 S. Mariposa Avenue, Los Angeles, CA 90020. Answering defendant denies the other allegations contained therein.

20. Answering paragraph 20, denies the allegations contained therein.

21. Answering paragraph 21, denies the allegations contained therein.

22. Answering paragraph 22, denies the allegations contained therein.

23. Answering paragraph 23, denies the allegations contained therein.

24. Answering paragraph 24, denies the allegations contained therein.

25. Answering paragraph 25, denies the allegations contained therei006E.

26. Answering paragraph 26, denies the factual allegations contained therein. Paragraph 26 otherwise contains allegations to which no response is required.

///
///
///

**FIRST CAUSE OF ACTION: DISCRIMINATORY PRACTICES IN HOUSING ACCOMMODATIONS – FAIR HOUSING ACT CLAIMS**

27. Answering paragraph 27, to the extent that Paragraph 27 contains conclusions of law, Responding Party need not respond. Answering Defendant otherwise denies each and every allegation contained therein.

28. Answering paragraph 28, to the extent that Paragraph 28 contains conclusions of law, Responding Party need not respond. Answering Defendant otherwise denies each and every allegation contained therein.

29. Answering paragraph 29, to the extent that Paragraph 29 contains conclusions of law, Responding Party need not respond. Answering Defendant otherwise denies each and every allegation contained therein.

30. Answering paragraph 30, to the extent that Paragraph 30 contains conclusions of law, Responding Party need not respond. Answering Defendant otherwise denies each and every allegation contained therein.

31. Answering paragraph 31, to the extent that Paragraph 31 contains conclusions of law, Responding Party need not respond. Answering Defendant otherwise denies each and every allegation contained therein.

32. Answering paragraph 32, to the extent that Paragraph 32 contains conclusions of law, Responding Party need not respond. Answering Defendant otherwise denies each and every allegation contained therein.

**SECOND CAUSE OF ACTION:**

**VIOLATION OF CALIFORNIA FAIR HOUSING ACT**

33. Answering paragraph 33, to the extent that Paragraph 33 contains conclusions of law, Responding Party need not respond. Answering Defendant otherwise denies each and every allegation contained therein.

**THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS**

**CLAIMS UNDER THE AMERICANS WITH**

**DISABILITIES ACTION OF 1990**

34. Answering paragraph 34, to the extent that Paragraph 34 contains conclusions of law, Responding Party need not respond. Answering Defendant otherwise denies each and every allegation contained therein.

35. Answering paragraph 35, to the extent that Paragraph 35 contains conclusions of law, Responding Party need not respond. Answering Defendant otherwise denies each and every allegation contained therein.

36. Answering paragraph 36, to the extent that Paragraph 36 contains conclusions of law, Responding Party need not respond. Answering Defendant otherwise denies each and every allegation contained therein.

37. Answering paragraph 37, to the extent that Paragraph 37 contains conclusions of law, Responding Party need not respond. Answering Defendant otherwise denies each and every allegation contained therein.

38. Answering paragraph 38, to the extent that Paragraph 38 contains conclusions of law, Responding Party need not respond. Answering Defendant otherwise denies each and every allegation contained therein.

39. Answering paragraph 39, to the extent that Paragraph 39 contains conclusions of law, Responding Party need not respond. Answering Defendant otherwise denies each and every allegation contained therein.

40. Answering paragraph 40, to the extent that Paragraph 40 contains conclusions of law, Responding Party need not respond. Answering Defendant otherwise denies each and every allegation contained therein.

41. Answering paragraph 41, to the extent that Paragraph 41 contains conclusions of law, Responding Party need not respond. Answering Defendant otherwise denies each and every allegation contained therein.

42. Answering paragraph 42, to the extent that Paragraph 42 contains conclusions of law, Responding Party need not respond. Answering Defendant otherwise denies each and every allegation contained therein.

43. Answering paragraph 43, to the extent that Paragraph 43 contains

conclusions of law, Responding Party need not respond. Answering Defendant otherwise denies each and every allegation contained therein.

44. Answering paragraph 44, to the extent that Paragraph 44 contains conclusions of law, Responding Party need not respond. Answering Defendant otherwise denies each and every allegation contained therein.

45. Answering paragraph 45, to the extent that Paragraph 45 contains conclusions of law, Responding Party need not respond. Answering Defendant otherwise denies each and every allegation contained therein.

46. Answering paragraph 46,

47. Answering paragraph 47, to the extent that Paragraph 47 contains conclusions of law, Responding Party need not respond. Answering Defendant otherwise denies each and every allegation contained therein.

**FOURTH CAUSE OF ACTION – DISCRIMINATORY PRACTICES IN PUBLIC ACCOMODATIONS**

48. Answering paragraph 48, to the extent that Paragraph 48 contains conclusions of law, Responding Party need not respond. Answering Defendant otherwise denies each and every allegation contained therein.

49. Answering paragraph 49, to the extent that Paragraph 49 contains conclusions of law, Responding Party need not respond. Answering Defendant otherwise denies each and every allegation contained therein.

50. Answering paragraph 50, to the extent that Paragraph 50 contains conclusions of law, Responding Party need not respond. Answering Defendant otherwise denies each and every allegation contained therein.

51. Answering paragraph 51, to the extent that Paragraph 50 contains conclusions of law, Responding Party need not respond. Answering Defendant otherwise denies each and every allegation contained therein.

**AFFIRMATIVE DEFENSES**

Answering Defendant hereby alleges the following separate affirmative

defenses to Plaintiffs' complaint.

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Cause of Action)**

As a first separate and affirmative defense, this Answering Defendant alleges that Plaintiffs' complaint and/or any of its causes of action do not state facts sufficient to state a cause of action for which a remedy exists.

**SECOND AFFIRMATIVE DEFENSE**

**(Failure to State a Cause of Action)**

As a second separate and affirmative defense, this Answering Defendant alleges that the allegations stated in Plaintiffs' complaint are ambiguous and unclear, and as such, do not state a cause of action for which a remedy exists.

**THIRD AFFIRMATIVE DEFENSE**

**(Lack of Standing)**

As a third separate and affirmative defense, this Answering Defendant alleges that Plaintiffs lack standing to challenge alleged barriers to the premises to the extent that the alleged barriers did not prevent Plaintiffs from patronizing the premises and utilizing the parking lot, sidewalks, shopping center, and businesses contain therein, and therefore the alleged barriers did not result in any injury-in-fact to the Plaintiffs.

**FOURTH AFFIRMATIVE DEFENSE**

**(Lack of Standing)**

As a fourth separate and affirmative defense, this Answering Defendant alleges that Plaintiffs lack standing to challenge alleged barriers to premises they did not visit prior to the filing of the complaint, and have no plans to patronize the premises, nor any likelihood of patronizing the premises in the future.

**FIFTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

As a fifth separate and affirmative defense, this Answering Defendant

alleges that Plaintiffs' claims are barred by the applicable statute of limitations.

**SIXTH AFFIRMATIVE DEFENSE**

**(Contribution)**

As a sixth separate and affirmative defense, this Answering Defendant alleges that Plaintiffs' losses, if any, (which this Answering Defendant denies and makes such assumption only for the purpose of this defense) were caused or contributed to by Plaintiffs and/or persons other than this Answering Defendant. In the event that any act or omission of this Answering Defendant is found to have contributed to said losses, Plaintiffs' recovery, if any, from this Answering Defendant should be reduced by an amount proportionate to the degree of fault attributable to said Plaintiffs or persons other than this Answering Defendant.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Comparative Fault)**

As a seventh separate and affirmative defense, this Answering Defendant alleges that injuries and damages Plaintiffs may have suffered (which this Answering Defendant denies and makes such assumption only for the purpose of this defense) which were caused by the tortious actions of persons and/or entities other than this Answering Defendant, must be apportioned, reduced, or allocated in direct proportion to that other entity's percentage of fault, pursuant to *Civil Code* section 1431.1, *et seq*.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

As an eighth separate and affirmative defense, this Answering Defendant alleges that Plaintiffs are estopped to recover herein by reason of his own acts, omissions, representations and course of conduct, including violations of California law.

///

///

**NINTH AFFIRMATIVE DEFENSE**

**(Waiver)**

As a ninth separate and affirmative defense, this Answering Defendant alleges that Plaintiffs waived their rights, if any, to assert any claim or cause of action against this Answering Defendant, based upon the facts pleaded in Plaintiffs' complaint.

**TENTH AFFIRMATIVE DEFENSE**

**(Mitigation of Damages)**

As a tenth separate and affirmative defense, this Answering Defendant alleges that Plaintiffs failed to take all reasonable steps necessary to mitigate damages, thereby barring or reducing Plaintiffs' desired recovery accordingly.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Failure to Exercise Ordinary Care)**

As an eleventh separate and affirmative defense, this Answering Defendant alleges that the alleged events, happenings, injuries, and/or damages, if any, were legally caused or contributed to by the failure of Plaintiffs to exercise ordinary care with regard to patronage at the property.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Assumption of Risk)**

As a twelfth separate and affirmative defense, this Answering Defendant alleges that at all times relevant herein and on or before the date of the incidents alleged in the Verified complaint, Plaintiffs knew of and appreciated the hazards, conditions and risks involved in his conduct and the conduct of others referred to in the complaint, and thereby Plaintiffs assumed all risks attendant thereto without liability of this Answering Defendant.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

As a thirteenth separate and affirmative defense, this Answering Defendant

alleges that Plaintiffs are barred from recovery by the doctrine of unclean hands.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Preexisting Structure)**

As a fourteenth separate and affirmative defense, this Answering Defendant alleges that Plaintiffs' claims that the premises were constructed in violation of the ADA or Title 24 are barred to the extent the premises was constructed prior to the effective date of the ADA, Title 24, or their regulations.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Equivalent Facilitation)**

As a fifteenth separate and affirmative defense, this Answering Defendant alleges that Plaintiffs' claims are barred because, with respect to any particular architectural element of the premises that depart from accessibility guidelines, the premises have provided "equivalent facilitation" in the form of alternative designs and technologies that provide substantially equivalent or greater access to and usability of the premises.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Good Faith Efforts)**

As a sixteenth separate and affirmative defense, this Answering Defendant alleges that it has made good faith efforts to comply with the ADA, the Unruh Act, and the California Disabled Persons Act, including providing appropriate alternative access.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Excessive Fines)**

As a seventeenth separate and affirmative defense, this Answering Defendant alleges that the imposition of statutory minimum damages in this matter would violate this Answering Defendant's protection against excessive fines in violation of Article I, Section 17 of the California Constitution and the Eighth Amendment of the United States Constitution.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(No Upgrade Previously Required)**

As an eighteenth separate and affirmative defense, this Answering Defendant alleges that it was not required by applicable laws to upgrade the property to disability standards as alleged in the complaint, prior to Plaintiffs' alleged attempted patronage at the property.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Acts of Third Parties)**

As a nineteenth separate and affirmative defense, this Answering Defendant alleges that at all times mentioned in the complaint, the injuries and damages alleged therein were either wholly or in part proximately caused by the acts and fault of persons, firms, corporations, or entities other than this Answering Defendant.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Indemnity)**

As a twentieth separate and affirmative defense, this Answering Defendant alleges that in the event Plaintiffs should be awarded judgment against this Answering Defendant in any manner or any amount by virtue of the complaint, this Answering Defendant is entitled to indemnity for such amounts from those parties, including those who are presently unknown or unidentified, who were primarily responsible for such damages.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Independent Intervening Cause)**

As a twenty-first separate and affirmative defense, this Answering Defendant alleges that any damages sustained by Plaintiffs (which this Answering Defendant denies, and makes such assumption only for the purpose of this defense) were caused by the actions and/or omissions of someone other than this Answering Defendant, over whom this Answering Defendant had no control.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(No Cognizable Injury or Damages)**

As a twenty-second separate and affirmative defense, this Answering Defendant alleges that no damages or other cognizable injury were sustained by Plaintiffs.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(No Pre-Litigation Notice)**

As a twenty-third separate and affirmative defense, this Answering Defendant alleges that Plaintiffs failed to give pre-litigation notice of the alleged defects.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(Equitable Claims Barred)**

As a twenty-fourth separate and affirmative defense, this Answering Defendant alleges that Plaintiffs' claims in equity are barred, in whole or in part, because Plaintiffs' legal remedies are adequate.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(Attorneys' Fees Barred)**

As a twenty-fifth separate and affirmative defense, this Answering Defendant alleges that Plaintiffs are not entitled to recover attorneys' fees or costs from Answering Defendant because Plaintiffs' complaint did not cause any change in conduct, policy or procedure, and Plaintiffs cannot establish that Answering Defendant violated any statute entitling Plaintiffs to an award of attorneys' fees or costs. Alternatively, such an award should be barred or reduced to the extent they were not reasonably incurred, were incurred at an excessive rate, or were incurred with respect to others' fault.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(Attorneys' Fees Waived by Plaintiffs)**

As a twenty-sixth separate and affirmative defense, this Answering

Defendant alleges that Plaintiffs explicitly waived any recovery of attorneys' fees under California *Code of Civil Procedure* section 1021.5 and/or the private attorney general doctrine by disclaiming such fees in the complaint, specifically at page six, footnote one.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Improper Defendant)**

As a twenty-seventh separate and affirmative defense, this Answering Defendant alleges that it is not legally responsible for property that is not within its possession, custody or control.

**PRAYER**

WHEREFORE, this Answering Defendant prays for judgment as follows:

1. That Plaintiffs' complaint be dismissed with prejudice and Plaintiffs take nothing thereby;
2. For costs of suit incurred herein, including attorneys' fees; and
3. For such other further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

This Answering Defendant hereby demands a trial by jury for all claims for which a jury trial is permitted.

DATED: May 3, 2023

WESTLAND REAL ESTATE GROUP

By: Bashir Eustache /s/

BASHIR EUSTACHE
Attorneys for Defendant
Westland Properties Six LLC